IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOAN HEFFINGTON,
      On behalf of Minor Son, G.M.,

          Plaintiffs,

Vs.                                      No. 05-4028-SAC

DISTRICT COURT OF SEDGWICK
COUNTY, WICHITA, KANSAS,
NOLA FOULSTON, and
JULIA CRAFT-ROCHAT,

          Defendants.

### Memorandum and Order

This case comes before the court on defendant's motion to dismiss the case. Plaintiff Joan Heffington, acting pro se and purportedly on behalf of her minor son G.M., claims that defendants planned to persecute her and her juvenile son by bringing unethical, unwarranted and false charges against him. The case is styled as a § 1983 case, with apparent state claims for outrage, conspiracy and fraud against the District Court of Sedgwick County, Nola Foulston, the Sedgwick Co. District Attorney, and Julia Craft-Rochat, a private attorney. Plaintiff alleges that the various defendants' conduct in the state proceedings violated rights guaranteed by the Fourteenth Amendment.

Specifically, plaintiff complains of three juvenile prosecutions against her son in which defendant Craft-Rochat, a private attorney, served as his court-appointed defense attorney, and Nola Foulston served as the prosecutor. The first is a 2002 prosecution for Filing a False Alarm. This charge arose from G.M.'s statement that someone intended to "shoot up" the Derby Middle School the next day. Plaintiff contends that her son's statement was true and accurate, and that defendants knew the charge against her son was false. The charge was ultimately dismissed, but plaintiff believes the charge was filed in retaliation for her filing of a lawsuit in 2001.

The second prosecution is a 2003 charge for criminal deprivation of property. G.M. was accused of stealing a truck, and pleaded "no contest." That conviction has not been reversed. Plaintiff contends that G.M. had merely borrowed a friend's truck for a ride, and that G.M. was coerced by defendant Craft-Rochat into agreeing to the plea. Others charged in that same offense were allegedly permitted to take diversion, but G.M. was sentenced to one year's probation.

The third is a 2004 charge for possessing/consuming alcohol by a minor. This charge, which is still pending, arose from a party G.M. attended at a home which was raided by police, who allegedly administered breathalyzer tests to

2

67 persons.  G.M. is one of only eight persons charged, giving rise to plaintiff's claims of selective and discriminatory prosecution.

Defendants raise multiple arguments in support of dismissal, which are addressed below.

**Improper service of process**

Defendants first claim that service as to each defendant was improper, and move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), and (b)(5)(insufficiency of service of process).  Plaintiff counters that she brought copies of her complaint to the court clerk in an attempt to serve defendants properly by mail, that she followed the instructions given her by a named court clerk, and that defendants had actual notice of the suit.  No record is presented in support of either party's assertions.

Although plaintiff's service may or may not have been in strict compliance with the applicable service rules and statutes, it appears that defendants have received actual notice of the cause of action, and that plaintiff may have been affirmatively misled by the clerk of the court.  *See Kitchens v. Bryant County Nat'l Bank*, 825 F.2d 248, 255-256 (10th Cir. 1987) (noting that "the federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice") (quotation omitted).  Because

the facts are disputed and unsupported by citation  to the record, the court declines to dismiss on this basis.

**Parent's representation of child**

Plaintiff, a pro se party, seeks to bring this case on behalf of her minor son.  Although plaintiff has the right to appear in propria persona, she is not an attorney and is not represented by one, thus she does not have the right to represent her son.   Under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  Thus plaintiff cannot bring suit on behalf of her son as next friend.

Further, "[t]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  In this case, plaintiff complains that she has suffered "emotional distress and mental anguish," including an anxiety attack, as well as physical problems including back and neck pain, headaches and eye ulcers, "due to the wrongful persecution" of her son.  Dk. 8, p. 3, para. 16.  But a careful reading of her amended complaint fails to reveal claims that plaintiff's own legal rights and interests have been violated.  Instead, the alleged deprivation of due process rights, which is the sole claim giving rise to this court's

jurisdiction, are solely those of her son.  Specifically, plaintiff contends that "[d]iscrimination occurred in the form of selective prosecution when G.M. was charged with possession/consumption of alcohol by a minor while all of the football players were allowed to leave the party, and when G.M.'s friends were allowed to seek diversion in the truck incident but he was ordered to stand trial." Dk. 8, "Denial of Due Process," p. 12-13.  Plaintiff further contends that "the conduct of the defendants in persecuting Mrs. Heffington's son G.M. through false, unwarranted and unethical charges" deprived them of due process.  *Id*. But if anyone was, in fact deprived of due process through those events, it was solely G.M., and not his mother.  Although dismissal is warranted on this basis, alone, the court also addresses below defendants' contention that plaintiff's amended complaint fails to state a claim upon which relief can be granted.

**Failure to state a claim** -  **§ 1983**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The court accepts as true all well-pleaded facts, and reads all reasonable inferences in favor of the plaintiff. *See Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998).  A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory

5

of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A court judges the sufficiency of the complaint accepting as true all well-pleaded facts, as distinguished from conclusory allegations.  *Maher v. Durango Metals, Inc*., 144 F.3d 1302, 1304 (10th Cir. 1998).  These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 449 U.S. 519, 526 (1983) (footnote omitted).

The court liberally construes the allegations of a pro se complaint.  *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). However, the court cannot "assume the role of advocate for the pro se litigant," "construct arguments or theories for the plaintiff in the absence of any discussion of those issues," or "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### No color of state law - defendant Craft-Rochat

Defendant Craft-Rochat served as G.M.'s court-appointed defense attorney for each of the three offenses at issue.  Plaintiff asserts, and defendant denies, that such action was under color of state law, for purposes of 42 U.S.C. §

1983.  Pursuant to that statute, a plaintiff must allege that the defendant deprived him of a right secured by the Constitution or laws of the United States while the defendant acted under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Furnace v. Oklahoma Corp. Comm'n*, 51 F.3d 932, 936 (10th Cir. 1995).

"Court appointed defense attorneys serve the interest of their client and do not act "under color of state law" within the meaning of 1983." *Kendrix v. Lietz,* 21 F.3d 1121, 1994 WL 123320, *1 (10th Cir. 1994).  Such attorneys represent their client only, not the state, and cannot be sued in a 42 U.S.C. § 1983 action.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

If, however, plaintiff has alleged sufficient facts to establish a conspiracy between the private defense counsel and the prosecutor, the private party can be found to have acted under color of state law for purposes of Section 1983.  *See Tower v. Glover*, 467 U.S. 914, 923 (1984).  A court must proceed with caution when considering the pre-trial dismissal of conspiracy allegations in civil rights proceedings because of the difficult nature of the proof involved.  *Fisher v. Shamburg*, 624 F.2d 156, 162 (10th Cir.1980).  "Mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products*

*Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983).  "The standard is even stricter where the state officials involved in the conspiracy are immune from suit."  *Id.* at 512.  As the Tenth Circuit set out in *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir. 1980), the plaintiff must demonstrate "the existence of a significant nexus or entanglement between the absolutely immune state official and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy."

The amended complaint fails to meet this standard.  Instead, it is merely conclusory in its allegations, and does not demonstrate any nexus between defendant Craft-Rochat and any state actor.  The amended complaint contains no facts establishing an agreement or meeting of the minds between anyone.  *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230-31 (10th Cir. 1990) (dismissing conspiracy claim because plaintiff offered no evidence of communication between alleged co-conspirators and nothing that would even give rise to the inference that they conspired).  Accordingly, plaintiff has failed to demonstrate that defendant Craft-Rochat has acted under color of state law.

### Conclusory conspiracy charges

Defendant contends that plaintiff's claims of conspiracy are fatally conclusory, independently warranting dismissal of the § 1983 claims against all defendants.  Conspiracy allegations, if conclusory in nature, are insufficient to state

8

a claim for relief.  *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994)

(dismissing § 1983 claim against public defenders on ground that the conspiracy

allegations were conclusory and unsupported by facts).

> For a conspiracy claim, a plaintiff "must allege specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *see also Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004) (requiring plaintiff to allege by direct or circumstantial evidence that defendants had meeting of minds or agreement).  "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich*, 159 F.3d at 533 (quotation omitted); *see also Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (holding conclusory conspiracy allegations are not sufficient to state a constitutional claim).

*Eden v. Voss,* 105 Fed. Appx. 234, 246, 2004 WL 1535829, *9 (10th Cir. 2004).

The amended complaint contains only broad allegations of

conspiracy.  Plaintiff contends that the named defendants "in agreeing with other

state actors to participate in a plan to cause persecution of plaintiffs because of Ms.

Heffington's previous litigation, her book, and the A.H.A! constitutes civil

conspiracy/ collusion." Dk. 8, p. 9.  Vague allusions to plaintiff's previous litigation

are peppered throughout her amended complaint, but the nature of the prior lawsuit

and its possible relevance to this proceeding are nowhere stated.  Plaintiff's book is

stated to be:  *"Ten Secrets You Must Know Before Hiring a Lawyer*."  Dk. 8, p. 4.

Published in September of 2003, the book reportedly contains allegations of

"outrageous government conduct," presumably among other unstated matters.  *Id.*

The acronym "A.H.A." refers to the "Association for Honest Attorneys," a non-profit organization "dedicated to discouraging litigation, improving the legal system, and seeking justice for all," of which plaintiff is the C.E.O. and founder.  Dk. 8, p. 2.

Read liberally, the amended complaint states only conclusory allegations of conspiracy, which are insufficient to state a claim for relief under 42 U.S.C. § 1983.  No specific facts tending to show an agreement and concerted action among the defendants, or between the defendants and others are included in the amended complaint.

### Prosecutorial immunity - defendant Foulston

In *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976), the Supreme Court held that a prosecutor is absolutely immune from a section 1983 suit for damages based on his "initiating a prosecution and ... presenting the State's case."   This is true even if the prosecutor's decision to prosecute is malicious and without probable cause.  *Id.*  The scope of absolute immunity from suit under section 1983 extends to those prosecutorial activities "intimately associated with the judicial ... process," such as initiating and pursuing criminal prosecutions.  Defendant Foulston's acts in filing charges against the plaintiff's son were obviously part of the initiation of a prosecution, for which she is entitled to absolute immunity.

10

### Claims v. district court

Section 1983 authorizes liability against " every person" who, acting under color of state law, violates another's federally protected rights. "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, the Tenth Circuit has held that a state court is not a "person" under § 1983. *See, e.g., Harris v. Champion*, 51 F.3d 901, 905-906 (10th Cir.1995); *Coopersmith v. Supreme Ct. of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972). Thus the claims against the District Court of Sedgwick County, as well as those against prosecutor Foulston in her official capacity, must be dismissed.

Further, plaintiff's claims against the District Court of Sedgwick County, Wichita, Kansas are clearly within the Eleventh Amendment's bar of actions for damages "against a state in federal court, even by its own citizens, unless the state waives that immunity." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). *See Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (state or state agency sued in its own name is not subject to federal compensatory or injunctive relief). Because no waiver of immunity has been made, plaintiff's action against the district court itself is barred.

11

**Injunctive relief**

In addition to her claim to monetary damages, interest, and attorneys' fees, plaintiff seeks "injunctive relief enjoining all defendants from continuing the intentional infliction of emotional distress." Dk. 8, p. 17.  Plaintiff lacks standing to bring an action for injunctive relief absent a showing of a real or immediate threat of future harm.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983).  Past exposure to illegal conduct does not in itself show a present case and controversy regarding injunctive relief.  *Id.*; *see also, Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 493 (10th Cir. 1998); *Smith v. Colorado Dept. of Corrections*, 23 F.3d 339, 341 (10th Cir. 1994).  In this case, plaintiffs' allegations do not establish a real and immediate threat of future harm, as is necessary to sue for injunctive relief.

The court finds it unnecessary to address the *Rooker-Feldman* doctrine and other alternative grounds for dismissal of plaintiff's § 1983 claim, although they may well be meritorious.  Based upon the multiple reasons set forth above, it is obvious that the plaintiff cannot prevail on the facts alleged and it would be futile to give her an opportunity to amend.  Accordingly, plaintiff's § 1983 claims shall be dismissed with prejudice.

**State law claims**

The amended complaint includes claims brought pursuant to state law. This court, as a federal district court, lacks original jurisdiction of plaintiff's state law claims, including conspiracy, fraud, and outrage, and has subject matter jurisdiction, if at all, only by virtue of supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1367(c)(3), "[a] district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it had original jurisdiction." *Exum v. U.S. Olympic Committee*, 389 F.3d 1130, 1138--1139 (10th Cir. 2004). The exercise of supplemental jurisdiction in this situation is discretionary. *Id*; *see Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998), *overruled on other grounds, Styskal v. Weld County Comm'rs.,* 365 F.3d 855 (10th Cir. 2004). Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Gold*, 159 F.3d at 1310. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

13

n. 7 (1988); *see United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002)

("[A] district court should normally dismiss supplemental state law claims after all

federal claims have been dismissed, particularly when the federal claims are

dismissed before trial.").

      This case is in its genesis, and the parties have not spent a substantial

amount of time litigating the state law claims.  Having dismissed the sole claim over

which this court had original jurisdiction, the court finds that the factors of judicial

economy, convenience, fairness and comity do not warrant the exercise of

supplemental jurisdiction over plaintiff's state law claims.  Such claims shall be

dismissed without prejudice.

      IT IS THEREFORE ORDERED that defendants' motion to dismiss

(Dk. 9) is granted.

      Dated this 17th day of June, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge