IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOAN HEFFINGTON,
     On behalf of Minor Son, G.M.,

               Plaintiffs,

Vs.                                                    No. 05-4028-SAC

DISTRICT COURT OF SEDGWICK
COUNTY, WICHITA, KANSAS,
NOLA FOULSTON, and
JULIA CRAFT-ROCHAT,

               Defendants.

Memorandum and Order

          This case comes before the court on pro se plaintiff's motion to

reconsider the court's order dated June 17, 2005, which granted defendants'

motion to dismiss the case.  In her motion, plaintiff alleges that the United States

Magistrate Judge entered an order relating to mediation approximately two hours

before this court ordered dismissal of the case, and contends that such order

"should have precedence in this matter."  Dk. 28, p. 1.

          Plaintiff's motion to reconsider is subject to D. Kan. Rule 7.3(a).  The

decision whether to grant or deny a motion to reconsider is committed to the

court's sound discretion.  *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395

(10th Cir. 1988).

The court first examines whether plaintiff's motion is timely.  Under

Rule 7.3(a), a motion seeking reconsideration of a dispositive order must be filed

within ten days of the court's order, *see* Fed. R. Civ. P. 59(e), unless the grounds

fall within those set forth in Fed. R. Civ. P. 60.  Plaintiff's motion for

reconsideration states no grounds set forth in Rule 60, and is thus bound by the

ten-day period of Fed. R. Civ. P. 59(e).  Because judgment on the court's order

dismissing the case was entered on June 17, plaintiff had until July 1, 2005, to file

her motion for reconsideration.  This motion filed July 5th is thus untimely.

This court is not empowered to grant plaintiff additional time to file her

59(e) motion.  Rule 59(e) specifies that "[a]ny motion to alter or amend a judgment

shall be filed no later than 10 days after entry of the judgment."  Fed. R. Civ.P.

59(e).  Rule 6(b), which grants the district court limited authority to extend various

time limits under the rules, provides that the court "may not extend the time for

taking any action under Rule[ ] ... 59(b), (d) and (e), ... except to the extent and

under the conditions stated [therein]."  *Id.; see also Collard v. United States*, 10

F.3d 718, 719 (10th Cir.1993) (Rule 6(b) expressly prohibits a trial court from

extending the time to file a Rule 59(e) motion).  Rule 59 provides no exception to

the ten-day rule.  Thus, this court lacks authority to grant plaintiff additional time in

2

which to file a Rule 59(e) motion.

Even assuming the motion to reconsider had been timely filed, the court would deny it as inappropriate.  The magistrate's order which plaintiff alludes to was the initial order regarding planning and scheduling in the case, and was not an order  requiring mediation or preempting this court's order dismissing the case.

Dated this 4th day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge