IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN HEFFINGTON,
    On behalf of Minor Son, G.M.,

        Plaintiffs,

Vs.                                       No. 05-4028-SAC

DISTRICT COURT OF SEDGWICK
COUNTY, WICHITA, KANSAS,
NOLA FOULSTON, and
JULIA CRAFT-ROCHAT,

        Defendants.

Memorandum and Order

This case comes before the court on pro se plaintiff's motion to set aside order, pursuant to Fed. R. Civ. P. 60(b). Plaintiff contends that the court's order filed August 2, 2005, which denied her Rule 59(e) motion for reconsideration of the court's dismissal of her case, is erroneous.

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.2000). "A litigant shows exceptional circumstances by satisfying one or

more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991), *cert. denied*, 506 U.S. 828 (1992). A movant cannot use Rule 60(b) to reargue the merits of the underlying judgment, nor can the Rule be used as a substitute for appeal. *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir.1988).

The grounds asserted by plaintiff are not alleged to fall, and do not fall, within Rule 60's six grounds, and plaintiff otherwise fails to show exceptional circumstances. Instead, plaintiff merely rehashes contentions previously rejected by the court.

Plaintiff first claims that the court erred in finding her Rule 59 motion untimely because her deadline for her Rule 59(e) motion should have been extended three days pursuant to Fed. R. Civ. P. 6(e). This assertion is incorrect, as no three day extension is either required or permitted. *See Parker v. Board of Public Utilities*, 77 F.3d 1289, 1290 (10th Cir. 1996). Plaintiff additionally contends that the court's order dismissing the case erred in other respects. The court has previously addressed those assertions, and still finds no merit in them.

Plaintiff has now exhausted her avenues for challenging this court's order, absent an appeal. The court's decision dismissing plaintiff's case is final and shall not be reconsidered. Because of the pattern evidenced in plaintiff's

recent and meritless filings, which impose a burden on the judiciary as well as on plaintiff's opponents, the court orders that plaintiff is precluded from filing, without leave of this court, any new motions in this case based on the same allegations or grounds that have been decided in the court's prior orders. Accordingly, before the plaintiff may file any such motion, she must ask for leave of the court by filing a "Motion for Court Order Seeking Leave to File" and attaching thereto: 1) a copy of her proposed motion or request; and 2) a declaration under penalty of perjury prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that her motion does not involve allegations or grounds that have been decided or litigated in this case, and that her new allegations and grounds are not frivolous or made in bad faith.

IT IS THEREFORE ORDERED that plaintiff's motion to set aside order (Dk. 32) is denied.

IT IS FURTHER ORDERED that plaintiff shall file no more motions in this case except in accordance with the above stated conditions.

Dated this 31st day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge